IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTOPHER WILLIAMS | * |
| Plaintiff, | * |
| v. | * |
| | * Civil No. **22-cv-131 PJM** |
| UNIVERITY OF MARYLAND COLLEGE PARK, *et al.*, | * |
| Defendants. | * |

**MEMORANDUM OPINION**

## I. INTRODUCTION

Pro se Plaintiff Christopher Williams, a Ph.D. student at the University of Maryland College Park, brings suit against the University of Maryland and two of its employees, alleging numerous causes of action related to alleged failure to pay him for work on federal grant applications. Defendants have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted. Because Plaintiff's derivative claims are barred by Eleventh Amendment immunity, Defendants' Motion to Dismiss is **GRANTED**.

## II. BACKGROUND

Since August 2019, Christopher Williams has been a Ph.D. student at the University of Maryland College Park. *See* Comp. ¶¶ 4, 5. His stated residence is in the District of Columbia. *Id.* ¶ 4. During the Fall 2020 semester, Williams enrolled in a class taught by Defendant Bradley Boekeloo, HLTH 712. *Id.* ¶ 13. In addition to his teaching commitments, Boekeloo serves as the Director of the Maryland Prevention Research Center ("PRC"), which works on issues surrounding

1

LGBTQ+ mental health. *Id.* ¶¶ 17, 18. PRC's research is funded by grants from the U.S. Centers for Disease Control and Prevention. *Id.*

Williams alleges that his assignments for his class with Boekeloo included work based on PRC studies that were funded by the CDC. He further claims that the work that his class required him to complete was work that CDC funding was designed to cover. *Id.* ¶¶ 17-22. Because enrollment in this class was obligatory for him to earn his Ph.D. and no alternative assignment was available, Williams believes that his work in the class constitutes coerced unpaid labor. *Id.* ¶ 26.

Williams attempts to state seven causes of action: Violation of Section One of the Thirteenth Amendment (Count I); Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 203, 207 (Count II); Fraud (Count III); Breach of Contract (Count IV); Intentional Infliction of Emotional Duress (Count V); Violation of Md. Code, Lab. & Empl, § 3-903 (Count VI); and Respondeat Superior (Count VII). He asserts that the Court has Federal Question Jurisdiction under 28 U.S.C. § 1331 and Supplemental Jurisdiction under § 1367.

## III. STANDARD OF REVIEW

The plaintiff bears the burden of proving that jurisdiction exists in federal court. *See* Fed. R. Civ. P. 12(b)(1); *Evans v. B.F. Perkins Co., a Division of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). When considering a 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment" to help determine whether it has jurisdiction over the case before it. *Evans*, 166 F.3d at 647; *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg*, 945 F.2d at 768.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

It is not enough for a plaintiff to assert a legal conclusion without more; conclusions "'are not entitled to the assumption of truth.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). Although *pro se* litigants are entitled to special solicitude and courts are to construe complaints by an unrepresented party "liberally," this accommodation "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Where no actionable claim is asserted, a complaint will be dismissed.

### IV.  DISCUSSION

The Eleventh Amendment to the U.S. Constitution bars "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. While the text of the amendment does not explicitly bar suits against states by their own citizens, courts have historically extended Eleventh Amendment immunity to all cases brought by any individual. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

The Supreme Court has recognized three exceptions to Eleventh Amendment immunity. First, a State may waive its immunity. *Coll. Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (citing *Clark v. Barnard*, 108 U.S. 436, 447 (1883)). Second, Congress may abrogate state immunity pursuant to Section Five of the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). And third, under the *Ex parte Young* doctrine, private citizens may bring suit against state officials who are acting in their official capacity, but only for prospective injunctive or declaratory relief designed to remedy ongoing violations of federal law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

Eleventh Amendment immunity applies in cases beyond those where the State is the named party. It extends as well to instrumentalities of a state, such as public universities. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 68-69 (2000). Further, the *Ex parte Young* doctrine does not extend to cases where plaintiffs seek monetary damages from state officials acting in their official capacity. *See Halderman*, 465 U.S. at 101-03.

The State of Maryland has made clear that the University System of Maryland is "an instrumentality of the State" and "an independent unit of State government." Md. Code Ann., Educ. § 12-102(a)(1)-(3). And there can be no doubt that both Defendants Boekeloo and Pines are being sued in their official capacity, not in their individual capacity, which is tantamount to suing the University. Williams' pleadings in fact specifically allege that Boekeloo was "acting on behalf of the University . . . with respect to each of the actions . . . described," Compl. ¶ 2(c), and he only mentions Defendant Pines once in his pleadings, describing him as "the president of the University of Maryland." *Id.* ¶ 6. In view of this, the Court finds that all Defendants have

properly invoked Eleventh Amendment immunity in this case. It thus remains for Williams to show that one of the three exceptions to Eleventh Amendment immunity applies.

Williams has not and cannot do so. First, while the State of Maryland has waived Eleventh Amendment immunity as to some claims in its own state courts, it has not done the same as to claims in Federal court. *See, e.g.*, *Weller*, 901 F.2d at 397-99 (dismissing tort claims because Maryland has not waived Eleventh Amendment immunity in federal courts); *State v. Sharafeldin*, 854 A.2d 1208, 1219 (Md. 2004) ("There was clearly no intent on the part of the Legislature to waive the State's Eleventh Amendment immunity in [contract] actions in Federal court."). Second, Congress has not abrogated state sovereign immunity as to either of Williams' federal claims; indeed, there is not even a private cause of action under Section One of the Thirteenth Amendment. *See Emps. v. Mo. Dep't. of Pub. Health & Welfare*, 411 U.S. 279, 285 (1973) (upholding dismissal of FLSA claims on grounds that Congress did not abrogate state Eleventh Amendment immunity); *Gomez v. Kern*, No. 12–20622–Civ. at *2 (S.D. Fla. Mar. 28, 2012) ("The weight of authority indicates that the Thirteenth Amendment, by itself, does not provide a private cause of action; a plaintiff must proceed under one of the Thirteenth Amendment's implementing statutes.") (collecting cases). Third, Williams cannot proceed under the *Ex parte Young* exception both because he does not allege an ongoing violation of federal law, but also because he seeks monetary damages for alleged past violations, *see* Compl. at ¶ 27 ("[Plaintiff] submitted his final assignment on Dec 22, 2020 12:56 pm."), as opposed to future injunctive relief.

Since Eleventh Amendment immunity strips the Court of federal question jurisdiction that would otherwise be available under 28 U.S.C. § 1331, the Court also lacks supplemental jurisdiction under § 1367 over any of Williams' remaining claims.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** and the case will be **CLOSED**.

A separate Order will **ISSUE**.

Date: August 29, 2023

**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**